**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JOSEPH DEANGELO

        Plaintiff,

    v.

LVNV FUNDING LLC, RESURGENT
CAPITAL SERVICES L.P.,
SHERMAN FINANCIAL GROUP LLC,
SHERMAN CAPITAL MARKETS LLC,
SHERMAN ORIGINATOR III LLC,
SHERMAN ACQUIITION L.P.,
SHERMAN ACQUISITION OO LP,
SHERMAN ACQUISITION II
GENERAL PARTNERSHIP LLC,
SHERMAN CAPITAL, LLC, ALEGIS
GROUP LLC, BENJAMIN W.
NAVARRO, LESLIE G. GUTIERREZ,
SCOTT E. SILVER, KEVIN P.
BRANIGAN, ROBERT A. RODERICK
and KENNETT KENDALL

        Defendants.

1:18-cv-15689-NLH-KMW

**OPINION**

---

APPEARANCES:

LAURA ROSSI
MICAHEL O. KASSAK
WHITE AND WILLIAMS LLP
1650 MARKET STREET
SUITE 1800
PHILADELPHIA, PA
    Attorneys for the Plaintiff.

THOMAS MICHAEL BRODOS
MICHAEL RAY DARBEE
STEPHEN M. ORLOFSKY
BLANK ROME LLP
300 CARNEGIE CENTER, SUITE 220
PRINCETON, NJ 08540
    Attorneys for the Defendants.

**HILLMAN**, District Judge,

This matter comes before the Court by way of Defendants' motion to dismiss.  Plaintiff filed a class action complaint and demand for a jury trial in New Jersey Superior Court, Law Division in Gloucester County on September 28, 2018.  On November 5, 2018, Defendants removed this case to the District of New Jersey.  On September 23, 2019, Plaintiff filed an Amended Complaint.  Defendants moved to dismiss this Complaint on November 8, 2019.  For the reasons stated below, the Court will deny in part and grant in part Defendants' motion to dismiss.

**BACKGROUND**

The Parties

Plaintiff Joseph DeAngelo is an individual residing in Gloucester County, New Jersey.  Defendant LVNV Funding, LLC ("LVNV Funding") is a Delaware limited liability company with its principal place of business in Nevada.  Defendant Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business in South Carolina.  Defendants LVNV Funding and Resurgent will be collectively referred to as "LVNV."

Plaintiff's complaint includes a number of other entities created under Delaware law, referred to as the "Sherman

Organization Defendants."[1]  Plaintiff contends that these

entities are vicariously liable for the actions of LVNV.

Plaintiff has also included a number of individuals residing in

South Carolina, known as the "Sherman Executive Defendants,"[2] and

alleges they are also vicariously liable for LVNV's actions.

---

[1] These Defendants are as follows:

- Sherman Financial Group LLC ("SFG"), a Delaware LLC with its principal place of business in Charleston, South Carolina;
- Sherman Capital Markets LLC ("SCM"), a Delaware LLC with its principal place of business in Charleston, South Carolina;
- Sherman Originator III LLC ("SO"), a Delaware LLC with its principal place of business in Charleston, South Carolina;
- Sherman Acquisition L.P. ("SALP"), a Delaware limited partnership with its principal place of business in Houston, Texas;
- Sherman Acquisition II L.P. ("SAIILP), a Delaware limited partnership with its principal place of business in Charleston, South Carolina;
- Sherman Acquisition II General Partnership LLC ("SAIIGLLC"), a Delaware limited liability company with its principal place of business in Charleston, South Carolina;
- Sherman Capital LLC ("SC"), a Delaware limited liability company with its principal place of business in Charleston, South Carolina; and
- Alegis Group LLC ("Alegis"), a Delaware limited liability company with its principal place of business in Greenville, South Carolina.

Plaintiff contends that the Sherman Organization is "a complex web of shell, holding and operating companies."  ECF No. 21, ¶ 50.

[2] These Defendants, all of which Plaintiff alleges reside in South Carolina, are as follows:

- Benjamin W. Navarro
- Leslie G. Gutierrez

3

Plaintiff's Debt and Default Judgment

In 1999, Plaintiff purchased a car for his nephew.  To do so, he incurred debt held by CitiFinancial, Inc. ("Citi").  In 2003, Plaintiff restructured this debt to lower his payments.  At some point, Plaintiff defaulted on this loan.  Plaintiff alleges that his last payment on this loan was in 2004, at the latest.  The car was repossessed in 2004.

In July 2009, Resurgent brought an action against Plaintiff in LVNV Funding's name in the Superior Court of Gloucester County, Law Division.  This action was brought long after the four-year statute of limitations for contract actions had expired.  In that proceeding, Defendants alleged that Plaintiff owed a debt of $28,382.10.  Defendants further alleged that Plaintiff had made two payments by money order in November 2008.  Defendants argued that these payments had the legal effect of restoring a cause of action for breach of contract.

In this action, Plaintiff alleges these payments were never made and, in essence, were a fabrication to create a false but colorable claim that the expired debt had been revived by voluntary payments by the Plaintiff after the expiration of the

---

- Scott E. Silver
- Kevin P. Branigan
- Robert A. Roderick
- Kennett Rusty Kendall

statute of limitations.  A default judgment was entered in Defendants' favor in the underlying action on February 8, 2010.

According to Plaintiff, he did not become aware of the state court action against him and the default judgment until October 5, 2017 when he received a Notice of Wage Application.[3] On October 25, 2017, LVNV filed a Writ of Execution against Wages with the Superior Court of New Jersey.  On February 5, 2018, Plaintiff filed a motion to vacate this judgment, asserting that the debt was time-barred and that the suit was brought in violation of the FDCPA.  On May 10, 2018, LVNV sent DeAngelo a Notice of Application for Wage Execution.  Together the 2017 Notice, the 2017 Writ, and this 2018 Notice are referred to as "the Garnishment Pleadings."

---

[3] Defendants allege, not without foundation, that Plaintiff's hands in this matter are not completely clean.  In the proceedings before the Superior Court of New Jersey, that court found that Plaintiff had been personally served with the complaint on August 24, 2009 despite his denial of being unaware of the action and judgment until much later.  Defendants alleged that Plaintiff did not answer this complaint because he felt he was "bulletproof."  Defendants also served two Notices of Application for Wage Execution on March 4, 2010, and September 13, 2012, respectively.  Plaintiff would have been well advised to have contested the underlying debt, if he had a complete defense, years earlier than he did. The record also suggests that Plaintiff may have also engaged in certain misleading conduct designed to frustrate collection efforts.  Defendants were not without their own miscues.  Defendants concede that the 2010 and 2012 wage executions "were addressed to an employer associated with a different 'Joseph DeAngelo,' leading to the wage executions being vacated."  ECF No. 34-1 at 5.

On August 23, 2019, the Superior Court of New Jersey issued an opinion granting Plaintiff's motion to vacate and sua sponte granting summary judgment in favor of Plaintiff.[4]  ECF No. 35-1, at 26.  The state court found both that Plaintiff had not made the alleged payments by money order in November 2008 and, even if he had, Defendants lacked a good faith basis to conclude their cause the action was still viable.  Id. at 25.

The Current Matter

Plaintiff has since filed a class action complaint against Defendants for their debt collection practices, which he refers to as "zombie" debt collection.  According to Plaintiff's Amended Complaint, Defendants are engaged in part of a nationwide "epidemic haunting hundreds of thousands of individuals consumers all across the country."  ECF No. 21, ¶ 2.

---

[4] This opinion was attached to Plaintiff's complaint as Exhibit A and the Court takes notice of Judge Chell's opinion.  Generally, when reviewing the legal sufficiency of a complaint, a court is not permitted to consider material beyond the pleadings without converting the motion to dismiss into a motion for summary judgment.  See In re Burlington Coat Factory Sec. Litig., 144 F.3d 1410, 1426 (3d Cir. 1997).  However, the Third Circuit permits certain exceptions to this general rule.  A court may consider a "document integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into one for summary judgment.  Id. at 1410 (quoting Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (taking into consideration "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case").  Judge Chell's Opinion is such a document as it forms part of Plaintiff's complaint and is attached as an exhibit.

Plaintiff alleges that Defendants routinely "attempt to collect on debts that have been settled, paid off, discharged in bankruptcy, or rendered uncollectible due to the statute of limitations."  ECF No. 21, ¶ 39.

He further alleges that Defendants "get consumers to reset the statute of limitations by threatening them with legal action and misleading them about the legal status of their debt so that these consumers will make a small payment in order to cease the harassing calls and threats [from debt collectors]."  ECF No. 21, ¶ 40.  In support of his claims, Plaintiff introduced news articles and cases from other jurisdictions that describe zombie debt, claiming that Defendants have a "long history of flagrantly violating state and federal debt collection laws."  ECF No. 21, ¶ 71.

Plaintiff has identified two classes of similarly situated persons in this case: (1) the legal action class[5] and (2) the false representations class.[6]  Plaintiff's complaint includes three counts: the First Cause of Action alleges violations of

_____

[5] Plaintiff defines this class as "all persons against who Resurgent or LVNV took any legal action to collect a time-barred debt on or after September 28, 2017" ECF No. 21, ¶ 115(a).

[6]  Plaintiff defines this class as "all persons towards whom Resurgent or LVNV falsely, deceptively, or misleading [sic] misrepresented, either explicitly or impliedly, the legal status of a time-barred debt, including by threatening to take legal action, on or after September 28, 2017."  ECF No. 21, ¶ 115(b).

the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §
1692f(1) (against Defendants Resurgent and LVNV Funding) on
behalf of the legal action class; the Second Cause of Action
alleges violations of the FDCPA, 15 U.S.C §§ 1692e(2)(A),
1692e(5), and 1692f(1) (against Defendants Resurgent and LVNV
Funding) on behalf of the false representations class; and the
Third Cause of Action, which does not allege a separate
statutory theory but rather alleges vicarious liability for the
first two counts against all Sherman Executive Defendants and
all Sherman Organization Defendants except Resurgent and LVNV
Funding on behalf of both classes.

Plaintiff seeks to permanently enjoin Defendants from
engaging in the zombie debt collection practices he describes,
restore monies owed to Plaintiff and the classes, including
monies spent in defense or settlement of time-barred claims,
compensatory, direct, consequential, and punitive damages, and
attorneys' fees and costs.

Defendants Resurgent and LVNV Funding moved to dismiss this
complaint on November 8, 2019.  Defendants allege, somewhat
ironically, that Plaintiff's claims are time-barred and that he
has failed to state a claim under the FDCPA.  This matter has
been fully briefed and is ripe for adjudication.

## DISCUSSION

A. Subject Matter Jurisdiction

This Court has original federal question jurisdiction over this case under 28 U.S.C. § 1331.  Plaintiff has alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  The Court has supplemental jurisdiction over any common law causes of action asserted by Plaintiff under 28 U.S.C. § 1367 because these claims are part of the same case or controversy.

B. Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the pleader.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Philips v. Cnty. Of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When weighing a motion to dismiss, the Court does not ask "whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 n. 8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions.'") (citations omitted).

In applying the Twombly/Iqbal standard, a district court will first "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusion." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678). Next, the Court will "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (citing Iqbal, 556 U.S. at 679).

To meet this standard, a "complaint must do more than allege the plaintiff's entitlement to relief." Id.; see also Philips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing Twombly, 550 U.S at 556).  The
party moving to dismiss under 12(b)(6) "bears the burden of
showing that no claim has been presented." Hedges, v. United
States, 404 F.3d 744, 750 (3d Cir. 2005).

C. Analysis

1. Whether Plaintiff's claims are time-barred

Defendants argue that all of Plaintiff's claims are barred
by the one-year statute of limitations found in the FDCPA, 15
U.S.C. § 1692k(d).  According to Defendants, the statute of
limitations begins to run either (1) when the complaint is filed
or (2) when the complaint is served on the debtor.  See ECF No.
34-1, at 11 (citing Schaffhauser v. Citibank (S.D.) N.A., 340
Fed.App'x 128, 130 (3d Cir. 2009)).

Defendants argue that Plaintiff's FDCPA claims were brought
over nine years after the original collection complaint was
filed.  Defendants further assert that LVNV's participation in
debt collection litigation in 2017 and 2018 does not constitute
an ongoing violation.

Plaintiff argues that his claims are not time-barred
because he filed them within one year of the Garnishment
Pleadings.  According to Plaintiff, actions undertaken during
the course of litigation can constitute an independent violation
of the FDCPA in a case like the present one.  Plaintiff asserts

that time-barred debt "is not cured by the fact that a debt collector . . . obtained a default judgment on that debt."  ECF No. 35, at 15.  Plaintiff also asserts that he has adequately pleaded independent violations of the FDCPA in relation to the Garnishment Pleadings.

"An action under the FDCPA must be brought 'within one year from the date on which the violation occurs.'"  Schaffhauser, 340 Fed.App'x at 130 (citing 15 U.S.C. § 1692k(d)).  Several courts have found that "[c]onduct which independently violates the FDCPA, however, is actionable if it falls within the statute of limitations within the limitations period, even if undertaken in pursuit of litigation that was filed outside the limitations period."  Brown v. Urden Law Officers PC, No. 11-cv-2697, 2011 WL 4011411, at *5-6 (E.D. Pa. Sept. 9, 2011) (citing Jones v. Inv. Retrievers, LLC, No. 10-cv-1714, 2011 WL 1565851, at *3 (M.D. Pa. Apr. 25, 2011)); see Strader v. U.S. Bank Nat'l Assoc., No. 17-cv-685, 2018 WL 741425, at *13 (W.D. Pa. Feb. 7, 2018).  The court in Brown denied the defendants' motion to dismiss because the complaint "was filed within one year of the most recent alleged FDCPA violation."  Brown, 2011 WL 4011411, at *6.

In this case, Plaintiff has brought his case within one year of the most recent alleged FDCPA violation.  Plaintiff has alleged that the Garnishment Pleadings were independent

violations of the FDCPA.  Though Defendants highlight that these actions and the default judgment appear on the same docket and bear the same case number and caption, the Court agrees with Plaintiff, given the allegations in the complaint as a whole, that later efforts to collect debt that Defendants knew was time-barred when the action resulting in a default judgment was first brought is new conduct within the one-year statute of limitations and the filing of this action is timely.

Schaffhauser v. Citibank (S.D.) N.A., 340 Fed.App'x 128 (3d Cir. 2009), which rejected the "continuing violation" theory of extending the statute of limitations, and upon which Defendants rely, is not to the contrary.  First, as a non-precedential opinion it is merely persuasive and not binding authority on this Court.  It is also distinguishable in a material way.

Although the plaintiff in Schaffhauser also appears to have alleged an attempt to collect "zombie" debt and other debt collection misconduct, that claim was rejected by the state court.  See id., 340 Fed.App'x at 129-30 (noting Court of Common Pleas entered judgment against debtors presumably rejecting claims of deceptive and abusive debt collection efforts).  Here, the opposite occurred with Plaintiff prevailing in state court, especially as it relates to alleged litigation misconduct by Defendants in the original underlying proceeding.  Even if

13

Schaffhauser were binding authority it would not directly bar Plaintiff's claims in this action.

   2. Whether Plaintiff has failed to state a claim under the FDCPA

   The Third Circuit has held that "[t]he FDCPA is a remedial statute and we construe its language broadly so as to effect its purposes." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011) (citing Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)). The Third Circuit has further stated that "[t]he FDCPA is a strict liability statute to the extent that imposes liability without proof of an intentional violation." Id. at 368 n. 7.

   With this gloss over the statute in mind, the Court will now turn to the requirements for stating a claim under the FDCPA. To state a claim under the FDCPA, a plaintiff must allege that "(1) [he or she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014); see also Thomas v. John A. Youderian Jr., LLC, 232 F.Supp.3d 656, 671 (D.N.J. 2017).

14

Though not explicitly stated in the briefs, it appears that only the fourth criterion is in dispute.  At this stage, the Court will accept all of Plaintiff's well-pleaded facts and allegations as true.  See Evancho, 423 F.3d at 350; see also Philips, 515 F.3d at 228.  Defendants have the burden of demonstrating that Plaintiff has failed to state a violation of the FDCPA.

The First Cause of Action

Plaintiff's first "Cause of Action" alleges that Defendants tried to collect time-barred debt when it served the 2017 Writ of Execution and 2018 Notice of Wage Execution.  According to Plaintiff, these attempts to collect upon time-barred debt violated 15 U.S.C. § 1692f(1).  Defendants respond that this count should be dismissed because the Garnishment Pleadings were permitted by law.  Plaintiff contends that the Garnishment Pleadings were illegal under federal law because the default judgment in New Jersey state court violated federal law.

Section 1692f has been characterized as "a catchall provision providing that a 'debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.'"  John A. Youderian Jr., LLC, 232 F.Supp.3d at 672 (quoting 15 U.S.C. § 1692f).  Section 1692f(1) specifically addresses "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

In this case, construing the language of the FDCPA broadly to effect its purposes, the Court finds that Plaintiff has alleged facts in his complaint that are sufficient to show that he has a plausible claim for relief under § 1692f(1). See <u>Allen ex rel. Martin</u>, 629 F.3d at 367 (discussing the remedial purposes of the FDCPA). The Court recognizes that at the time Defendants filed the Garnishment Pleadings, they had a facially valid state court judgment. And it follows, of course, that an attempt to collect on a judgment through established and lawful state court post-judgment procedures is ordinarily conduct "permitted by law" within the meaning of the statute.

However, Defendants' argument is only superficially attractive as it ignores both the extraordinary nature of the underlying state court opinion vacating the default judgment and other core factual averments made by Plaintiff. Not only did the state court determine that Defendants brought the default judgment action on the original debt after the statute of limitations had barred such an action, it also determined that Defendants lacked a good faith basis in law and fact to assert that alleged payments made after the expiration of the statute of limitations renewed the claim. As the Third Circuit has

held, the FDCPA is a strict liability statute and Plaintiff is not required to show that Defendants willfully violated the FDCPA.  But here, Plaintiff alleges such willfulness adding that Defendants "knew or should have known that [their collection efforts] were time-barred, but pursued collection of the debt anyway ..." First Amended Class Action Complaint, ECF No. 21, ¶ 130.

It remains to be seen if Plaintiff will ultimately support his assertions, of course.  But here, Plaintiff's allegations go beyond the strict liability requirements of the statute and allege Defendants tried to collect a debt through legal action they knew of should have known was time-barred.  This is more than sufficient to state a plausible claim that the Defendants engaged in "unfair or unconscionable means" to collect a debt in violation of 1692f(1) by filing the Garnishment Pleadings.

The Second Cause of Action

Plaintiff's second cause of action focuses not on the filing of the Garnishment Pleadings themselves but conduct related to or associated with those filings.  The Second Cause of Action is also, unhelpfully, compound as it alleges violations of at least two separate subsections of Section 1692e, specifically § 1692e(2)(A) and § 1692e(5) and a violation

of 1692f(1) separate from the First Cause of Action.[7]  The common
thread in the Second Cause of Action is that Defendants falsely
represented the legal status of his debt by impliedly
representing that the debt was not time-barred and that
Defendants' communications with Plaintiff included threats
intending to induce Plaintiff to make payments on time-barred
debt.

Plaintiff argues that in serving the 2017 and 2018 Notices,
Defendants made implied threats to take legal action to collect
a time-barred debt.  Plaintiff alleges that there were three
implied threats within the Notice of Application for Wage
Execution.  First, Plaintiff alleges Defendants implied that it
would "in fact file the Notice with the court."  Second,
Plaintiff alleges the Notice implied that "should the judgment-

---

[7] Similar to Plaintiff's First Cause of Action, Plaintiff alleges
in the Second Cause of Action that Defendants made false
representations in conjunction with the Garnishment Pleadings
which violated Section 1692f(1) separate and independent from
the filings themselves.  While the Court recognizes that each
separate act may constitute a separate violation of the FDCPA,
the conduct related to the Garnishment Pleading is so inherently
intertwined with the filings themselves as to render this
statutory theory for the Second Cause of Action duplicative of
the First Cause of Action at least as it relates to § 1692f(1).
Whether it is the Garnishment Pleadings themselves or statements
and actions associated with them, any of Defendants' alleged
conduct in using "unfair or unconscionable means" to collect a
debt in violation of § 1692f(1) is fairly encompassed within the
First Cause of Action.  To the extent the Second Cause of Action
asserts a claim under § 1692f(1) it will be dismissed as
duplicative.

debtor file an opposition to the notice that the debt collector will cause a lawyer to appear at a hearing."  Finally, Plaintiff alleges that the notice implied that "the applicant will, as soon as legally allowed, file a Writ of Execution with the court, actually effectuating the execution of wages."

Defendants argue that this cause of action should be dismissed because the identified statements were not false at the time they were made.  Furthermore, Defendants support their motion to dismiss by arguing that the statements were not directed to the Plaintiff, but rather his lawyer.  Next Defendants assert that because Plaintiff denied Defendants' statements, he could not have been misled by Defendants' statements.  Finally, Defendants argue that this claim should be dismissed because Defendant's statements did not communicate threats as defined under the FDCPA.  According to Defendants, the statements Plaintiff identifies as threats were merely statements regarding legal actions Defendants had already taken.

Turning first to Plaintiff's claim under Section 1692e, that provision of the FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive list of prohibited conduct.  See 15 U.S.C. § 1692e.  Section 1692e(2)(A) prohibits debt collectors from making false representations of "the character, amount or legal status of any debt."  15 U.S.C.

§ 1692e(2)(A).  The Court finds that Plaintiff has asserted a plausible claim that Defendants made an implicit representation that the underlying default judgment had been properly obtained in New Jersey Superior Court in 2010 separate and independent of the mere filing of the Garnishment Pleadings.  Defendants' related representations were false, Plaintiff alleges, as Defendants knew or should have known that this debt was time-barred, that alleged payments made in November 2008 were a fabrication, and that the judgment was obtained in violation of the FDCPA.  The Court finds that Plaintiff has stated a separate claim under 15 U.S.C § 1692e(2)(A) in the Second Cause of Action.

To establish a claim under § 1692e(5), a plaintiff must show that "the debt collector 'threat[ened] to take any action that cannot legally be taken **or** that [was] not intended to be taken.'" See Devito v. Zucker, Goldberg & Ackerman, LLC, 908 F.Supp.2d 564, 570 (D.N.J. 2012) (citing Brown v. Card Serv. Ctr., 464 F.3d at 455)(emphasis added).  The statute is therefore in the disjunctive and conduct within either prong could constitute a violation.

This part of Plaintiff's theory represents a closer call. While an action to collect time-barred debt may be the use of "unfair or unconscionable means" and associated false representations of "the character, amount or legal status of any

debt" separately actionable under § 1692f(1) and § 1692e(2)(A) respectively, the fact remains that Defendants held a valid judgment at the time of the filing of the Garnishment Pleadings. As for the first prong, the filings themselves and associated statements could have been "legally" undertaken within the meaning of § 1692e(5), at least until the judgment was vacated, even if such conduct violated other provisions of the statute. As for the second prong, Defendants actually undertook the complained of action rendering them something different than idle threats within the plain meaning of § 1692e(5). Accordingly, the Court finds that Plaintiff has failed to state a separate plausible claim under § 1692e(5) in the Second Cause of Action.

In sum, the Court will partially deny and partially grant the motion to dismiss as it relates to the Second Cause of Action.  Plaintiff's claims under § 1692e(2)(A) will not be dismissed.  Plaintiff's claims under § 1692e(5) and § 1692f(1) will be dismissed.

3. Whether Plaintiff has failed to state a claim for vicarious liability

Defendants argue that Plaintiff's claims against the Sherman Organization Defendants and the Sherman Executive Defendants must be dismissed because the claims against LNVN, as the alleged agent, are time-barred and fail to make a claim.

21

Both parties have stated that the fate of this claim rests with the fate of the previous two.  If Plaintiff has failed to state a claim on either Causes of Action, it follows that no one can be held vicariously liable for that claim.  Having denied in part Defendants' motion to dismiss the First and Second Causes of Action, the Court will allow Count III to proceed in an manner consistent with this Opinion and accompanying Order.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss will be denied in part and granted in part.  An appropriate order will be entered.


Date:__June 25, 2020_____          __s/ Noel L. Hillman _____
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.